IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JANNETTE McDONALD,<br><br>Plaintiff,<br><br>vs.<br><br>TOWNSQUARE MEDIA, LLC,<br><br>Defendant. | CV 12-203-M-DLC<br><br>ORDER |

Before the Court are Defendant's motion for summary judgment, Plaintiff's cross-motion for partial summary judgment, and Defendant's motion for discovery abuse sanctions. For the reasons explained below, the Court will deny Defendant's motion for summary judgment, grant Plaintiff's motion for partial summary judgment, and grant Defendant's motion for sanctions.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is a wrongful discharge from employment case. Plaintiff, Jannette McDonald ("McDonald") was terminated from her employment with Defendant Townsquare Media, LLC, ("Townsquare") on January 31, 2012. Jurisdiction is

based on diversity.

Ms. McDonald met with her supervisors on January 31, 2012. She apparently expected that she would be terminated at this meeting and secretly made an audio recording of the meeting. She also prepared a letter in anticipation of the termination meeting that begins, "[u]pon my termination today, . . . I would like to request that my contract of three years with Townsquare Media be honored." (Doc. 26-1.) The letter also describes Ms. McDonald's various accomplishments at her position, asserts that she has never been "reprimanded, written up or formally warned" and states that she believes her termination is "unfounded." *Id.* At the termination meeting, Ms. McDonald gave this letter to her supervisor.

Townsquare's grievance procedure required McDonald "to provide a written statement, within 10 days of her termination, which states facts which she believes should be considered by Townsquare Media . . . and must state the resolution she believes is appropriate."[1] (Doc. 39 at 10.) Townsquare's grievance procedure required Townsquare, if the employee provided a written statement, to consider the statement and advise the employee of its final decision regarding the

---

[1] The precise language of the grievance procedure is apparently subject to a stipulated protective agreement, so the language quoted here is taken from Townsquare's brief.

employee's complaint or grievance within ninety days of receiving the statement. (Doc. 32-1.)

Townsquare deposed McDonald on September 13, 2013. At her deposition, Townsquare asked if McDonald "ever file[d] a grievance with Townsquare Media." (Doc. 20-2.) McDonald answered that she had not. Additionally, in a form filled out for the Montana Department of Labor and Industry, McDonald checked a box indicating that she had not filed a grievance. After the deposition, McDonald revealed to her current counsel that she had recorded the termination meeting and that she had a copy of the recording in her possession. McDonald apparently told her original attorney about the recording but when McDonald's current counsel took over representation, no mention of the recording was ever made to her current counsel. On September 17, 2013, counsel for McDonald contacted counsel for Townsquare notifying Townsquare of the recording. In this correspondence, counsel for McDonald promised to quickly produce the recording and offered to reopen the Plaintiff's deposition for the limited purpose of questioning on the subjects raised by the recording.

The recording was formally produced on September 20, 2013. After receipt of the recording, counsel for Townsquare asked that McDonald cover all costs and attorney's fees associated with reopening her deposition. A series of

correspondence between the parties' counsel resulted in an agreement that McDonald would pay the full costs of a second deposition. The parties could not resolve the dispute concerning Townsquare's demand that McDonald pay $1,000 worth of attorney's fees for its trouble of having to prepare for and attend a second deposition of McDonald. Townsquare's motion for sanctions seeks payment for the costs of the second deposition and reasonable associated attorney's fees in an amount not to exceed $1,000.

Townsquare moved for summary judgment on November 1, 2013. Townsquare contended that it was entitled to summary judgment because McDonald failed to comply with Townsquare's internal grievance procedure. Townsquare contended that this failure served as a complete bar to McDonald's claim under Montana's Wrongful Discharge from Employment Act, § 39-2-911(2).

McDonald responded by contending that summary judgement was inappropriate because (1) she never received a copy of Townsquare's internal grievance procedure as required by law; and (2) even if she did receive it, she complied with Townsquare's internal grievance procedure by way of the letter she provided at the termination meeting.

McDonald also filed a cross-motion for summary judgment contending that

it was entitled to judgment as a matter of law with respect to Townsquare's asserted defense under Montana Code Annotated § 39-2-911(2). McDonald contended that (1) her letter constituted compliance with the internal grievance procedure, and (2) Townsquare failed to comply with its own procedure by not responding in writing to McDonald's letter within 90 days.

Accompanying the response brief, McDonald submitted an affidavit in which she attests that neither at the time of her termination meeting nor at any other time did she receive a copy of Townsquare's grievance procedure.

Townsquare then filed a Rule 56(d) motion to stay ruling on McDonald's cross-motion for summary judgment, and the aforementioned motion for sanctions. Townsquare contended that the Court should withhold ruling on the cross-motion until Townsquare had deposed McDonald about her assertion that she never received a copy of the grievance procedure. Townsquare contended that only after the second deposition could the Court determine whether or not there was any *genuine* dispute about McDonald's receipt of the grievance procedure. In asserting that there was no genuine dispute, Townsquare cited the affidavit of Shawna Batt, McDonald's supervisor, who attests that she gave McDonald a copy of the grievance procedure at the termination meeting, and the recording of the termination meeting in which Ms. Batt stated, ". . . I have an extra checklist for

you as well as termination information and a grievance procedure, which by law we have to give." (Doc. 37-2.)

In order to comply with the scheduling order in this case, Townsquare also filed a responsive brief to the cross-motion for summary judgment. In this brief, Townsquare again focused on the question of whether there was any genuine dispute respecting McDonald's receipt of the grievance procedure.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(a). The movant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The movant's burden is satisfied when the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts

showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted).

**APPLICABLE LAW**

Under Montana law, the Wrongful Discharge from Employment Act ("WDEA"), Mont. Code Ann. § 39-2-901 et. seq., is the "exclusive remedy for wrongful discharge from employment." *Haynes v. Shodair Children's Hosp.*, 137 P.3d 518. A terminated employee wishing to bring an action for wrongful discharge must first exhaust all internal procedures prior to filing an action. Mont Code Ann. § 39-2-911(2). "Failure to exhaust such an internal process is 'a complete bar to pursuing a claim under the [WDEA].'" *Haynes v. Shodair Children's Hosp.*, 137 P.3d 518, 521 (Mont. 2006) (quoting *Offerdahl v. State, D.N.R.*, 43 P.3d 275, 278 (Mont. 2002)). Furthermore, an employee must fully comply with an employer's internal grievance procedures with respect to timeliness and form. *Haynes*, 137 P.3d at 521; *Offerdahl*, 43 P.3d at 278.

To utilize the defense of failure to exhaust, however, the employer must also meet certain obligations. First, if the employer maintains a written internal grievance procedure, it must provide a copy of the procedure to the employee within seven days of terminating the employee. Mont. Code Ann. § 39-2-911(3). Second, "if the employer's internal procedures are not completed within 90 days

from the date the employee initiates the internal procedures, . . . the employer's internal procedures are considered exhausted." *Id.* If the employer fails to comply with its requirements, "the discharged employee need not comply with the exhaustion of internal procedures requirements set forth in §39-2-911(2)." *Eadus v. Wheatland Mem. Hosp. & Nursing Home*, 926 P.2d 752, 755 (Mont. 1996).

ANALYSIS

I.   **The cross-motions for summary judgment**

Townsquare's motion for summary judgment is premised on its contention that McDonald failed to exhaust internal grievance procedures. Townsquare supports its motion with an affidavit from Shawna Batt attesting that she provided McDonald with a copy of the internal grievance procedures at the termination meeting. Townsquare also cites to McDonald's admission during her deposition that she did not grieve her termination and the claimant separation sheet she filed with the Montana Department of Labor and Industry.

McDonald's responds that she never received a copy of the internal grievance procedure and that, in any case, she complied with the procedure by submitting the letter at her meeting. McDonald also contends she never received a written response to her letter, as required by Townsquare's grievance procedure.

Townsquare asserts that McDonald's affidavit in which she claims that she

did not receive the internal grievance procedure is conclusory and fails to raise a genuine dispute because the recording of the termination meeting suggests that Ms. Batt did in fact give McDonald a copy of the grievance procedure.

The Court concludes that Townsquare's motion for summary judgment fails because, putting aside any dispute about whether Townsquare provided a copy of the internal grievance procedure, McDonald's letter and the undisputed fact that Townsquare did not timely respond to it, fully rebut Townsquare's position that McDonald failed to exhaust Townsquare's internal grievance procedures. Thus, Townsquare's motion for summary judgment will be denied.

McDonald's motion for summary judgment is premised on its contention that her letter and Townsquare's failure to respond to it preclude Townsquare from relying on Montana Code Annotated § 39-2-911(2) as a defense at trial. It is undisputed that Townsquare did not respond in writing to McDonald's letter, even though its grievance policy expressly provides that it must consider the terminated employee's letter and advise the employee of its final decision within ninety days of the date of discharge. Thus, Townsquare failed to complete its internal procedures within 90 days. Montana Code Annotated § 39-2-911(3) provides that "if the employer's internal procedures are not completed within 90 days from the date the employee initiates the internal procedures, . . . the employer's internal

procedures are considered exhausted." In failing to complete its internal procedures, Townsquare's internal procedures "are considered exhausted," Mont. Code Ann. § 39-2-911(3), and Townsquare, therefore, cannot rely on failure to exhaust as a defense at trial. *Eadus*, 926 P.2d at 755 (Mont. 1996).

Additionally, Townsquare fails to raise any genuine factual dispute about whether McDonald's letter complies with Townsquare's internal grievance procedure. Townsquare's grievance procedure is simple. It requires that a terminated employee "provide a written statement, within 10 days of her termination, which states facts which she believes should be considered by Townsquare Media . . . and must state the resolution she believes is appropriate." (Doc. 39 at 10.)

McDonald's letter meets these requirements. McDonald's letter was provided on the day of her termination. Thus, it is timely. The letter also states facts which McDonald believed should be considered by Townsquare. The letter states, among other things, that McDonald was "a valuable employee with Townsquare," that she has "never been reprimanded, written up or formally warned," and that she has "continued to keep KGVO at its number one status." (Doc. 26-1.) Clearly, these are facts which McDonald believed should be considered. Contrary to Townsquare's assertions, the grievance procedure does

not require the employee to provide specific facts which meet and rebut the specific reasons given for the employee's discharge. The procedure simply requires that the employee provide facts that the employee believes should be considered. Finally, McDonald's letter provides a resolution that McDonald believed was appropriate. McDonald's letter states that she believes her termination was "unfounded" and requested that Townsquare honor her contract. *Id.*

Townsquare's attack on the letter as being non-compliant is unavailing. Furthermore, Townsquare provides no record support for its contention that the letter fails to comply with the grievance procedure. No affidavit or other document of record supports Townsquare's position that the letter fails to meet the grievance procedure's requirements.

There is no genuine dispute regarding McDonald's letter's compliance with Townsquare's internal grievance procedure, and for this reason, as well as Townsquare's failure to respond within 90 days, McDonald is entitled to judgment as a matter of law as it pertains to Townsquare's asserted defense under Montana Code Annotated § 39-2-911(2). McDonald's motion for partial summary

judgment will be granted.[2]

**II. Townsquare's Rule 56(d) motion**

Townsquare's Rule 56(d) motion to stay ruling on the cross-motion for summary judgment fails because further discovery in the form of a second deposition of Ms. McDonald will not change the fact that McDonald's letter fully complies with Townsquare's internal grievance procedure, nor the fact that Townsquare failed to send any response to the letter within the 90-day window provided in § 39-2-911(3). Under Rule 56(d), the moving party has the burden to show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage*, 525 F.3d 822, 827 (9th Cir. 2008). A movant under Rule 56(d) "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Here, Townsquare's Rule 56(d) motion is deficient because it fails to

---

[2] The Court rejects Townsquare's contention that McDonald is equitably estopped from asserting compliance with the grievance procedure. The Court does not view McDonald's deposition answer or statements in documents filed with the Montana Department of Labor, wherein she states that she did not file a grievance claim, as dispositive on the legal issue of whether her January 31, 2012 letter constitutes compliance with Townsquare's grievance procedure. Nor is there evidence that McDonald, in answering the deposition question or filing the forms, acted with knowledge or intent that Townsquare would act as it has in moving for summary judgment.

show, and indeed cannot show, how the discovery sought would preclude summary judgment. Showing that McDonald did in fact receive the grievance procedure at the termination meeting will not preclude summary judgment in favor of McDonald. Thus, Townsquare's Rule 56(d) motion will be denied.

### III. Townsquare's motion for sanctions

Townsquare asserts that McDonald violated the rules of discovery in failing to produce the recording of the termination meeting until after McDonald's deposition. Townsquare asserts that in light of the termination meeting recording it must now conduct a second deposition of McDonald to inquire into the recording's contents and to question Ms. McDonald about her affidavit in which she claims she did not receive a copy of the grievance procedure. Townsquare requests that McDonald pay the full costs of the second deposition as well as reasonable attorney's fees incurred in preparing for, conducting, and potentially, travelling to, the second deposition, in an amount not to exceed $1,000. Townsquare asserts that the recording should have been produced or described in McDonald's initial disclosures pursuant to Rule 26(a)(1)(A)(ii).

McDonald asserts that the recording did not need to be disclosed initially because the rule requires disclosure only of materials that the party "may use to support its claims or defenses, unless the use would be solely for impeachment."

Fed. R. Civ. P. 26(a)(1)(A)(ii). McDonald asserts that she never intended, and still does not intend, to use the recording to support any of her claims or defenses. McDonald further contends that even if the recording should have been disclosed initially, Townsquare fails to show prejudice or harm sufficient to warrant the requested sanction.

The Court concludes that McDonald should have produced or described the recording in her initial disclosures. McDonald's assertion that she did not violate Rule 26(a) because she never intended to use the recording to support her claims or defenses is unpersuasive. The rules governing discovery are intended to foster broad and comprehensive discovery disclosures. *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964). Rule 26(a) does not require a party to disclose only materials that it will *certainly* use to support its claims or defenses. It requires the party to disclose all materials that it "may" use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). McDonald's recording of the termination meeting clearly has a high potential to be of value for McDonald in this wrongful termination action. It should have been disclosed initially.

Furthermore, McDonald's failure to initially disclose the recording was not harmless. While it certainly appears that there was no bad faith on the part of McDonald's counsel, the fact remains that Townsquare is entitled to take a second

deposition of McDonald when it will have before it all of the relevant and discoverable information. Townsquare must prepare for, conduct, and potentially travel to the second deposition and will incur attorney's fees as a result. For that reason, even though the Court concludes that McDonald's counsel was somewhat justified in failing to disclose the recording and that counsel has not acted in bad faith, under Rule 37(c)(1), Townsquare is entitled to modest sanctions for McDonald's discovery violation. *See Finley v. Hartford Life and Acc. Ins. Co.*, 249 F.R.D. 329 (N.D. Cal. 2008). The Court will require that McDonald pay the costs of conducting a second deposition of McDonald and Townsquare's reasonable associated attorney's fees in an amount not to exceed $1,000. The Court concludes, furthermore, that Townsquare may conduct the deposition as it sees fit, whether via video or in person. Of course, if as a result of the Court's resolution of the cross motions for summary judgment, the parties determine that a second deposition is unnecessary, no sanction is necessary.

Accordingly, IT IS ORDERED that Defendant's motion for summary judgment (Doc. 19) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's cross-motion for partial summary judgment (Doc. 27) is GRANTED.

IT IS FURTHER ORDERED that Defendant's combined motion to stay ruling on the cross motion and motion for sanctions (Doc. 35) is DENIED IN

PART with respect to the motion to stay, and GRANTED IN PART with respect to the motion for sanctions. If a second deposition of Ms. McDonald is conducted, Plaintiff shall pay the full costs of the second deposition of Ms. McDonald and reasonable associated attorney's fees in an amount not to exceed $1,000.

IT IS FURTHER ORDERED that Plaintiff's motion for a hearing (Doc. 40) is DENIED.

DATED this 7th day of January 2014.

_____
Dana L. Christensen, Chief District Judge
United States District Court